IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATIKKA C. PITTMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KIKA SCOTT, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:25-cv-02616-TRJ |

# ORDER

On November 25, 2025, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 12). Defendants argue that Plaintiffs' Complaint is moot because they filed this lawsuit to compel Defendants to adjudicate their I-485 Application to Register Permanent Residence and I-130 Petition for Alien Relative, and Defendants have since denied the I-130 Petition and administratively closed the I-485 Application due to Plaintiff Odubawo's outstanding removal proceedings. (*Id.* at 4). Plaintiffs did not file a response to Defendants' motion, indicating that it is unopposed. *See* LR 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

Federal courts lack the authority to decide moot questions or abstract propositions of law because they do not constitute "cases or controversies" under Article III of the Unites States Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401–03 (1975); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). If a claim is moot, the court lacks subject matter jurisdiction over it. *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 406–07 (1972). In order for a court to retain jurisdiction, a real controversy must exist, not only when suit is filed, but throughout all stages of the case.

*Al Najjar*, 273 F.3d at 1355; *Chiles v. Thornburgh*, 865 F.2d 1197, 1202 (11th Cir. 1989). Where intervening events occur after the filing of a lawsuit that deprive the district court of its ability to afford any meaningful relief to the plaintiff, the claim is rendered moot and should be dismissed. *Gray v. Sec'y for Dep't of Homeland Security*, 452 F. App'x 873, 875 (11th Cir. 2011) ("Because USCIS's actions have provided Gray the relief he sought in his lawsuit, his appeal from the district court's denial of his motion for an order to show cause and his motion for injunctive relief is moot."); *Kassama v. Chertoff*, No. 1:08-cv-00860-WSD, 2008 WL 2227504, at *1 (N.D. Ga. May 27, 2008) ("The challenged action underlying the Plaintiff's claims—the adjudication of his I-485 application—has been completed and thus cannot be decided through this lawsuit."). In the immigration context, when a plaintiff is no longer eligible to receive the relief requested, the district court must dismiss the case as moot. *Gupta v. United States Atty Gen.*, 798 F. App'x 606, 607 (11th Cir. 2020); *Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir. 2003). Here, Plaintiffs' claims became moot when USCIS denied the I-130 Petition and administratively closed the I-485 Application. Thus, there is no case or controversy and no meaningful relief the Court can now provide.

Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 12) is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction due to mootness. The Clerk is respectfully **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 12th day of December, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge